IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANTE GERMAINE FREDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-153 |
| | ) | |
| BRAD HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Smith State Prison in Glennville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia, and at Washington State Prison in Davisboro, Georgia. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), on March 2, 2015, the Court reviewed Plaintiff's complaint in conformity with the applicable IFP statutes. See 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies in Plaintiff's complaint, the Court ordered him to amend his complaint. (See doc. no. 11.) Plaintiff was given fourteen days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (See id. at 4.) In addition, the Court specifically cautioned Plaintiff that if he failed to amend his complaint as instructed, the Court would presume that he desired to have his case voluntarily dismissed and would recommend dismissal of his case without prejudice. (Id. at 6.) Plaintiff has not responded to the Court's March 2nd Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

2

adjudication on the merits.[2] See, e.g., Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 6th day of April, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).